**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM B. BROTHERS, JR., )<br>                  Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TOM CORBETT, *Governor of the* )<br>*State of Pennsylvania;* BRENDA )<br>GOODALL, *S.C.I. Mercer Record* )<br>*Officer;* KIM PETERSON, *S.C.I. Mercer* )<br>*Record Officer*; SNYDER, *(retired) Parole* )<br>*Office Supervisor;* LISA GRAVES, *S.C.I.* )<br>*Mercer Unit Manager;* GIDDINGS, *Unit* )<br>*Manager*; THOMPSON, *was Superintendent* )<br>*at S.C.I. Mercer;* CHERYL LABENNE, )<br>*Hearing Examiner and or Board Member of* )<br>*the Pennsylvania Board of Probation and* )<br>*Parole;* MATTHEW MANGINO, *Hearing* )<br>*Examiners and or Board Member of the* )<br>*Pennsylvania Board of Probation and* )<br>*Parole;* HOGUE, *Hearing Examiner and or* )<br>*Board Member on the Pennsylvania Board* )<br>*of Probation and Parole;* MICHAEL C. )<br>POTTEIGER, *Chairman, Board Member* )<br>*of the Pennsylvania Board of Probation and* )<br>*Parole;* RANDY P. FEATHERS, *Board* )<br>*Member on the Pennsylvania Board of* )<br>*Probation and Parole;* C. JAMES FOX, )<br>*Board Member, Pennsylvania Board of* )<br>*Probation and Parole;* MICHAEL L. )<br>GREEN, *Board Member, Pennsylvania* )<br>*Board of Probation and Parole;* JEFFREY )<br>R. IMBODEN, *Board Member,* )<br>*Pennsylvania Board of Probation and* )<br>*Parole;* CRAIG R. McKAY, *Board* )<br>*Member, Pennsylvania Board of Probation* )<br>*And Parole;* JOHN TUTTLE, *Board* )<br>*Member, Pennsylvania Board of Probation* )<br>*And Parole;* JUDITH E. VIGLIONE, )<br>*Board Member, Pennsylvania Board of* )<br>*Probation and Parole*; LLOYD A. WHITE, )<br>*Board Member, Pennsylvania Board of* ) | Civil Action No. 13-1154<br><br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 16 |

*Probation and Parole;* ALAN M.  )
ROBINSON, *Attorney employed to* )
*represent the Pennsylvania Board of* )
*Probation and Parole; and* JOHN WETZEL, )
*Secretary Pennsylvania Department of* )
*Corrections,* )
                Defendants. )

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Ex Parte Motion For Habeas Corpus Relief and/or to Vacate Sentences and for a TRO and a Preliminary Injunction, ("the Motion") be denied.

## II. REPORT

William B. Brothers, Jr., ("Plaintiff") is currently incarcerated in the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff has filed a civil rights complaint (the "Complaint") and an Amended Complaint (the "Amended Complaint"). The gist of both the Complaint and the Amended Complaint is that the Defendants are engaged in a conspiracy to deny Plaintiff and other African American prisoners parole on an equal basis with white prisoners and that Plaintiff's sentence is being illegally extended by the Defendants. In the instant Motion, Plaintiff seeks as relief for this "Honorable Court . . . grant the Habeas Corpus Relief and/or Vacate the sentences and release the Plaintiff . . . ." ECF No. 16 at 4. For the reasons that follow, it is recommended that the Motion be denied.

### A. RELEVANT PROCEDURAL HISTORY

At the time of the initiation of this civil rights action, Plaintiff was a prisoner at the SCI-Albion. Plaintiff is proceeding *pro se*. Plaintiff's Motion for Leave to Proceed In Forma

Pauperis (the "IFP Motion"), was granted. ECF No. 2. Thereafter, Plaintiff's Complaint was filed. ECF No. 3. The undersigned issued a Report and Recommendation, recommending that all but one of the claims in the Complaint be dismissed with prejudice and that the sole remaining claim be dismissed without prejudice. ECF No. 6. Plaintiff filed Objections, ECF No. 9, and a Motion for Leave to File an Amended Complaint. ECF No. 8. Eventually, Plaintiff was granted leave to file the Amended Complaint, ECF No. 14. As a result, the Report and Recommendation as well as Plaintiff's Objections were terminated as moot. ECF No. 14. The Amended Complaint was formally docketed on March 12, 2014. ECF No. 15. Plaintiff then filed the present Motion and attached exhibits. ECF No. 16. Simultaneously, Plaintiff also filed a Declaration in Support of Plaintiff's Motion For a Temporary Restraining Order and Preliminary Injunction, ECF No. 17, which also had exhibits attached thereto.

### B. APPLICABLE LEGAL PRINCIPLES

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions and/or temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure[1] and are judged against exacting legal standards.[2] As the United States Court of Appeals for the Third Circuit has explained:

---

[1] Pursuant to Fed.R.Civ.P. 65, a court may under certain limited conditions "issue a temporary restraining order without written or oral notice to the adverse party or its attorney." Fed. R.Civ. P. 65(b)(1). In contrast, the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R.Civ. P. 65(a)(1).

[2] Because the standards for the grant of a preliminary injunction and a temporary restraining order are the same, the court's analysis applies equally to either a temporary restraining order or a Preliminary Injunction. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, at *1 (E.D. Pa. July 2, 1993).

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363 (3d Cir.1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir.1985)).

A temporary restraining order is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for a temporary restraining order or a preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile v. SCI–Pittsburgh, No. 94–974, 2006 WL 2773261 at *6 (W.D.Pa. Sept. 24, 2006) (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that 'an [i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.' *Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53*, 520 F.2d 1220, 1230 (6th Cir. 1975), *cert. denied*, 428 U.S. 909, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that 'upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a temporary restraining order under Federal Rule of Civil Procedure 65, he must demonstrate both a reasonable likelihood of success on the merits of the claims contained in his Complaint and that he will be irreparably harmed if the requested relief is not granted. Abu–Jamal v. Price, 154 F.3d 128, 133 (3d Cir.1998). If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989).

Furthermore, in assessing a motion for preliminary injunction or temporary restraining order, the court must also consider the possible harm to other interested parties if the relief is granted. Kershner, 670 F.2d at 443. In addition, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. Emile, 2006 WL 2773261, at * 6 (citing Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001)).

**C. DISCUSSION**

The Motion should be denied for at least three independent reasons. First, Plaintiff cannot seek habeas relief in a civil rights action. Secondly, Plaintiff contends that the Defendants are not obeying a state court order to release him on parole. Such a claim is essentially a state law claim and does not present a federal issue as is required to state a civil rights cause of action. Hence, Plaintiff fails to show a reasonable likelihood of success on the

merits of his civil rights claims. Thirdly, even if Plaintiff could seek habeas relief herein, he has failed to show that he has exhausted his state court remedies.

**1. Plaintiff cannot combine habeas and civil rights causes of action.**

Plaintiff is not permitted to combine into one civil action both a request for habeas relief and a civil rights complaint. See, e.g., Burnam v. Marberry, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) (where a prisoner filed an action seeking relief under the Privacy Act and under the Administrative Procedures Act ("APA") but also repeatedly mentioned 28 U.S.C. § 2241 throughout the filing, and the District Court construed the filing as a Section 2241 petition but also entertained the non-habeas APA claims, the Court of Appeals criticized the District Court for doing so and declared that the District Court "should not have combined the habeas action and the claims under the Privacy Act and APA into a single case. A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations, or in the alternative to have still construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence."); Forrest v. Sauers, No. 3:CV-13-0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action.").

Accordingly, Plaintiff's Motion which seeks to invalidate his sentence and ongoing custody, which can only be accomplished via a habeas petition, cannot be sought in this civil rights action.

6

**2. Plaintiff Fails to Show a Likelihood of Success on the Merits**

In the alternative, as noted above, in order for Plaintiff to carry his burden to merit the granting of the temporary restraining order, he must show a reasonable likelihood of success on the merits of his civil rights claims. Plaintiff cannot do so because his claim of being illegally incarcerated depends upon the significance of a state court order granting him parole on one of Plaintiff's multiple sentences, which does not raise a federal question but merely a question of state law until and unless the meaning of that order is made clear by the state courts.

In the Motion, Plaintiff complains that he was supposed to be released on parole from what he terms a "county sentence." It should be noted that according to Plaintiff, there are at least two sentences at issue in this case. The first sentence is a sentence of 17 years to 36 years for, *inter alia*, attempted criminal homicide (the "Homicide Sentence"). ECF No. 16-6 at 3. Plaintiff was apparently paroled from the Homicide Sentence at some point. While on parole from the Homicide Sentence, Plaintiff apparently committed other crimes including a simple assault. As a consequence of committing the simple assault, Plaintiff was sentenced to serve 11 ½ months to 23 ½ months (the "Simple Assault Sentence") consecutive to the Homicide Sentence.[3] ECF No. 17-4 at 15, lines 6 to 10. The Simple Assault Sentence was imposed on January 15, 2010, by the Honorable Dominick Motto, of the Court of Common Pleas of Lawrence County after Plaintiff pleaded guilty to the crime. ECF No. 16-3 at 1, ¶ 3.

---

[3] Plaintiff may well dispute that the Simple Assault Sentence was consecutive to the Homicide Sentence, given that he contends he was eligible for parole from the Simple Assault Sentence at the time he was sentenced for the Simple Assault or shortly thereafter due to the "fact," according to Plaintiff, that all of the time he served awaiting trial on the Simple Assault Sentence was credited against his Simple Assault Sentence and not against the Homicide Sentence. See ECF No. 16-8 at 5 to 6; ECF No. 15 at 12, ¶ 38.

In the Motion, Plaintiff complains that although he was again released on parole from his Homicide Sentence effective January 9, 2014, the Pennsylvania Board of Probation and Parole (the "Parole Board"), did not release him to a Community Corrections Center (the "CCC"), but released him to serve the remainder of his Simple Assault Sentence. On January 16, 2014, Plaintiff had an attorney file a Petition for Parole with Judge Motto, so as to have Plaintiff paroled from his Simple Assault Sentence in order to enable Plaintiff to be released to the CCC. ECF No. 16 at 1, ¶ 3. In response to the Petition for Parole filed by the attorney with Judge Motto, Judge Motto entered an order that granted Plaintiff parole from his Simple Assault Sentence effective January 27, 2014. Apparently, Plaintiff had still not been released on parole to the CCC as of the date he filed the Motion in this Court.

Consequently, Plaintiff complains that the Defendants are not obeying Judge Motto's order releasing him on parole. ECF No. 16 at 3, ¶ 10 ("As stated in **Oakman v. Department of Corrections**, 903 A.2d 106, 109 (Pa. Commw. 2006)[,] DOC **must** following the sentencing court's order. Thus, . . . because the Plaintiff's sentencing court did order parole, DOC **must** release him. . . . As a consequence, any and all sentences should be vacated.").

There is at least one problem with Plaintiff's contentions. Plaintiff is relying on a state court order and its alleged meaning and impact on his multiple sentences in order to demand from this Court an order releasing him. However, the proper remedy for an allegation that the Defendants disobeyed a state court order is for the Plaintiff to seek enforcement of that state court order from the state court which issued the order (i.e., the Court of Common Pleas of Lawrence County). Presumably, the state court understands the import and meaning of that order for Plaintiff's multiple sentences and status much better than this Court, which did not

8

issue the order. See, e.g., Doughty v. Sheahan, No. 96 C 2811, 1998 WL 120350, at *5 (N.D.Ill. March 13, 1998).

As the Court explained in Doughty,

> [D]efendants argue that count I seeks relief for disobeying a state court order and the remedy for such conduct is contempt of court not a § 1983 suit.
>     This court grants defendants' motion to dismiss count I. Doughty in count I avers that defendants "willfully and intentionally ignored the court order and continued to detain [Doughty] without warrant or lawful cause." However, as pointed out by defendants, disobedience to a state court's order is contempt of court rather than a violation of federal law and, as such, are not actionable under § 1983. *See Hudson v. Hedge*, 27 F.3d at 274, 275 (7th Cir. 1994); *Pacelli v. deVito*, 972 F.2d 871, 876 (7th Cir. 1992). Therefore, the basis for Doughty's claim in count I is not one which is properly before the court in a § 1983 action. Hence, defendants' motion to dismiss count I is granted. As a result, the Fourth and Fourteenth Amendment claims in count I are dismissed with prejudice.

Id. at 5. The foregoing analysis applies in this case. Accordingly, Plaintiff fails to show a likelihood of success on the merits, i.e., establishing that his federal rights have been violated by the Defendants for allegedly disobeying a state court order issued by Judge Motto.[4]

---

[4] Moreover, Plaintiff's description of the events indicates that there is apparent confusion on the part of the state authorities. Plaintiff indicates that, as originally sentenced by Judge Motto for the Simple Assault conviction, Plaintiff's sentence was to constitute a "county sentence," meaning that Judge Motto was to retain jurisdiction over whether Plaintiff would be paroled from that sentence. However Plaintiff then goes on to say, Judge Motto later illegally modified the Simple Assault Sentence from a "county sentence" to a "state sentence" over which the Parole Board would have jurisdiction for purposes of paroling Plaintiff from the Simple Assault Sentence. See ECF No. 17. However, subsequently, Judge Motto then ordered Plaintiff to be paroled from the Simple Assault Sentence even though, as a "state sentence" Judge Motto would not have had parole authority over Plaintiff regarding the Simple Assault Sentence after it was modified to be a "state sentence." As should be made clear from the foregoing, it is better to leave to the state authorities to sort out what they intended by their various orders and to clarify state law with respect to Plaintiff because it is to state law that Plaintiff must look if he is to have any right to be paroled and/or immediately released. Hewitt vs. Helms, 459 U.S. 460, 467 (1983) ("there is no 'constitutional or inherent' right to parole"), *receded from on other grounds by*, Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff must first establish that state law provided

(footnote continued . . .)

At the very least, the foregoing gives us sufficient doubt that Plaintiff is entitled to the extraordinary relief of a temporary restraining order. Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937) ("upon an application for a preliminary injunction to doubt is to deny.").

**3. Even if Converted into a Habeas Petition, Plaintiff Fails to Establish Exhaustion.**

Lastly, and in the alternative, even if this Court could, pursuant to the suggestion made in Burnam v. Marberry, 313 F. App'x at 456 n.2, convert the present action into a habeas petition and dismiss without prejudice Plaintiff's civil rights claims, it is apparent from the date of the Lawrence County Court of Common Pleas releasing Plaintiff on parole from his Simple Assault Sentence, i.e., January 27, 2014, that Plaintiff has not carried his burden to show that he has exhausted any remaining state court remedies that he may have so as to merit the grant of habeas relief.

The federal habeas doctrine of exhaustion is concerned with the <u>timing</u> of the federal petition, <u>i.e.</u>, has the federal habeas petition been filed before the challenger has utilized the state court procedures available to him. See, e.g., Fay v. Noia, 372 U.S. 391, 418 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance...."), <u>overruled on other grounds</u>, Coleman v. Thompson, 501 U.S. 722 (1991); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.");

---

him a right to be paroled and, he has not done so thus far, and it is only the state courts that can definitively clarify whether he has such a right or not to be immediately released.

United States ex. rel. Porter v. Schomig, No. 98 C. 7388, 1999 WL 1046433, at *3 (N.D. Ill. Nov. 10, 1999) ("The exhaustion doctrine focuses on timing, and 'states that individuals in state government custody may bring a habeas corpus petition only if they have exhausted the remedies available in state court....' [Fay v. Noia, 372 U.S.] at 1197 (quoting 28 U.S.C. S 2254(b)). Its purpose is to 'allow[] the state court system to decide the merits of the claim first.' Id. Therefore, the exhaustion doctrine determines not whether, but when, a federal court will consider a habeas corpus petition."). Hence, the question for exhaustion purposes is whether Plaintiff has any available state procedures by which he could raise the putative federal claims which he is presently raising herein, namely that he should be released on parole to the CCC immediately. Moreover, it is Plaintiff's burden to prove that he has met the exhaustion requirement, i.e., to prove that there are no procedures available to him in the state by which he may raise the claims that he is currently raising herein. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Given the recentness of Judge Motto's order paroling Plaintiff from his Simple Assault Sentence, Plaintiff has simply failed to show that there are no available state court remedies by which to raise the claims he seeks to raise herein, inter alia, that he should be on parole now from all of his sentences. Indeed, Plaintiff fails to even allege in the Motion or the Declaration in Support thereof that he has exhausted his state court remedies. Absent seeking an order from Judge Motto to enforce the January 27, 2014 order granting Plaintiff parole from his Simple Assault Sentence, and appealing any adverse ruling, Plaintiff fails to carry his burden to show he has exhausted his state court remedies.

**III. CONCLUSION**

For the reasons set forth herein, it is respectfully recommended that the Motion should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.

Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

             Respectfully submitted,

             <u>s/Maureen P. Kelly</u>
             MAUREEN P. KELLY
             UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Nora Barry Fischer
    United States District Judge

    WILLIAM B. BROTHERS, JR.
    BB-5485
    S.C.I. Albion
    10745 Route 18
    Unit Side - West Side
    Albion, PA 16475-0002