**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM B. BROTHERS, JR., )<br>                 Plaintiff, )<br>                    )<br>   vs. )<br>                    )<br>                    )<br>TOM CORBETT, *Governor of the* )<br>*State of Pennsylvania;* PENNSYLVANIA )<br>DEPARTMENT OF CORRECTIONS; )<br>PENNSYLVANIA BOARD OF )<br>PROBATION AND PAROLE; BRENDA )<br>GOODALL, *S.C.I. Mercer Record Officer;* )<br>KIM PETERSON, *S.C.I. Mercer Record* )<br>*Officer*; SNYDER, *(retired) Parole Office* )<br>*Supervisor;* LISA GRAVES, *S.C.I. Mercer* )<br>*Unit Manager;* GIDDINGS, *Unit Manager*; )<br>THOMPSON, *was Superintendent at S.C.I.* )<br>*Mercer;* CHERYL LABENNE, *Hearing* )<br>*Examiner and or Board Member of the* )<br>*Pennsylvania Board of Probation and* )<br>*Parole;* MATTHEW MANGINO, *Hearing* )<br>*Examiners and or Board Member of the* )<br>*Pennsylvania Board of Probation and* )<br>*Parole;* HOGUE, *Hearing Examiner and or* )<br>*Board Member on the Pennsylvania Board* )<br>*of Probation and Parole;* MICHAEL C. )<br>POTTEIGER, *Chairman, Board Member* )<br>*of the Pennsylvania Board of Probation and* )<br>*Parole;* RANDY P. FEATHERS, *Board* )<br>*Member on the Pennsylvania Board of* )<br>*Probation and Parole;* C. JAMES FOX, )<br>*Board Member, Pennsylvania Board of* )<br>*Probation and Parole;* MICHAEL L. )<br>GREEN, *Board Member, Pennsylvania* )<br>*Board of Probation and Parole;* JEFFREY )<br>R. IMBODEN, *Board Member,* )<br>*Pennsylvania Board of Probation and* )<br>*Parole;* CRAIG R. McKAY, *Board* )<br>*Member, Pennsylvania Board of Probation* )<br>*And Parole;* JOHN TUTTLE, *Board* )<br>*Member, Pennsylvania Board of Probation* ) | Civil Action No. 13-1154<br>Judge Nora Barry Fischer/<br>Magistrate Judge Maureen P. Kelly |

*And Parole;* JUDITH E. VIGLIONE, )
*Board Member, Pennsylvania Board of* )
*Probation and Parole*; LLOYD A. WHITE, )
*Board Member, Pennsylvania Board of* )
*Probation and Parole;* ALAN M. )
ROBINSON, *Attorney employed to* )
*represent the Pennsylvania Board of* )
*Probation and Parole,* )
                Defendants. )

## **MEMORANDUM ORDER**

At the initiation of this civil rights action, this case was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Subsequently, William B. Brothers ("Plaintiff") filed a Motion, seeking a Temporary Restraining Order and or a Preliminary Injunction (the "Motion"). ECF No. 16. Magistrate Judge Kelly's Report and Recommendation, ECF No. 25, filed on May 15, 2014, recommended that the Motion be denied. Plaintiff was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a until June 2, 2014 to file objections. Plaintiff filed objections. ECF No. 26.

None of those objections merits rejection of the Report or extended comment.

The Report recommended denial of the Motion for at least three independent reasons. First, Plaintiff sought habeas relief in this civil rights action, which he is not permitted to do. Second, Plaintiff primarily contends that the defendants are not obeying a state court order, for which the remedy is not a federal civil rights action but an action for contempt in the state court

2

that issued the order.  Thirdly, even if this civil rights action were converted into a habeas petition, Plaintiff failed to establish that he exhausted his state court remedies.

Frist, Plaintiff seemingly objects to the Report's conclusion that he may not seek habeas relief in a civil rights action.  He complains that "a complete remedy requires both civil rights declaratory relief and habeas corpus liberty relief" ECF No. 26 at 5.  See also id. at 9 to 11.  He fails to address the fact that the Report cited Burnam v. Marberry, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) which precludes such combining into one civil action, both civil rights and habeas claims.  Contrary to Plaintiff's arguments, the Court cannot simply grant injunctive relief in the form of ordering release pursuant to Fed.R.Civ.P. 65(a) because Heck v. Humphrey, 512 U.S. 477 (1994) bars such relief in a civil rights action.

As for converting this civil rights action into a habeas petition, ECF No. 26, at 9, the Report correctly noted the reasons for not doing so, namely, Plaintiff failed to establish exhaustion.

Plaintiff objects that he has shown exhaustion or the futility of requiring exhaustion by pointing to three letters he has written to his counsel.  ECF No. 26 at 11; 15 to 18.  However, writing to his counsel does not establish that he has exhausted his state court remedies or that requiring exhaustion is futile.   Plaintiff must seek enforcement of the state court's order (which Plaintiff claims entitles him to immediate release on parole from **all** confinement) in the state court that issued the order before coming to this Court.   Plaintiff has not done so yet.  We take judicial notice of the docket in Court of Common Pleas of Lawrence County and note that Plaintiff has not filed a petition for contempt therein or any other motion seeking to enforce the Court of Common Pleas Order

3

paroling Plaintiff.[1] Hence, we reject Plaintiff's assertion that "[i]t is apparent from the failure of the Court of Common Pleas to enforce its Parole Order to release Plaintiff since January 27, 2014, that there is no available state remedy here or that process would be ineffective." ECF No. 26, at 18.[2] For all that the docket of the Court of Common Pleas shows, that Court may not even be aware of the fact that Plaintiff has not been paroled.

Furthermore, as noted in the Report, ECF No. 25 at 10, there is sufficient doubt that the order of the Court of Common Pleas would require Plaintiff to be released from all confinement stemming from all of Plaintiff's multiple sentences and/or there is sufficient doubt that the Court of Common Pleas retained jurisdiction over the sentence upon which it ordered Plaintiff to be paroled (ECF No. 25 at 9, n.4)[3] and based on these doubts, the Motion should be denied. Madison Square Garden

---

[1] We take judicial notice of the docket of the Court of Common Pleas of Lawrence County in Plaintiff's criminal case wherein, the order granting him parole was entered on January 27, 2014:

http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-37-CR-0000378-2009

(site last visited 6/5/2014). According to the docket, no further motions were filed after January 27, 2014.

[2] One of Plaintiff's own exhibits, attached to his Objections, establishes that Plaintiff has not yet sought enforcement in the Court of Common Pleas of the order granting him parole. Plaintiff wrote to his attorney as follows: "I now need you to go back to Judge Motto's chambers and explain further that he now needs to vacate the remainder of this sentence [i.e., the "Simple Assault Sentence" as referred to in the Report, ECF No. 25 at 7) to enforce his Order" *i.e.*, the order granting Plaintiff parole. ECF No. 26 at 4. We note that this letter to Plaintiff's attorney was dated May 19, 2014.

[3] In fact, Plaintiff's exhibits confirm the Report's observation that there is clearly confusion among the state authorities as to the significance of Judge Motto's order granting parole and the jurisdiction of Judge Motto over the sentence which he granted parole on. ECF No. 26-1 at 4 (Plaintiff's May 19, 2014 letter to his attorney, noting that "DOC is alleging Judge Motto no

Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937) ("upon an application for a preliminary injunction to doubt is to deny.").

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and the objections, the following order is entered:

AND NOW, this 5th day of June 2014,

IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Objections are overruled, and the Report and Recommendation, ECF No. 25, filed on May 15, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the Court.

                                                     *s/ Nora Barry Fischer*
                                                   NORA BARRY FISCHER
                                                   UNITED STATES DISTRICT JUDGE

Dated: June 5, 2014

cc:     The Honorable Maureen P. Kelly
        United States Magistrate Judge

        WILLIAM B. BROTHERS, JR.
        LJ-0774
        S.C.I. Albion
        10745 Route 18
        Unit Side - West Side
        Albion, PA 16475-0002

---

longer has jurisdiction to grant me a parole Order after he changed this sentence into a state sentence. . . .").