IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM B. BROTHERS, JR., ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> TOM CORBETT, *Governor of the* ) <br> *State of Pennsylvania;* PENNSYLVANIA ) <br> DEPARTMENT OF CORRECTIONS; ) <br> PENNSYLVANIA BOARD OF ) <br> PROBATION AND PAROLE; BRENDA ) <br> GOODALL, *S.C.I. Mercer Record Officer;* ) <br> KIM PETERSON, *S.C.I. Mercer Record* ) <br> *Officer*; SNYDER, *(retired) Parole Office* ) <br> *Supervisor;* LISA GRAVES, *S.C.I. Mercer* ) <br> *Unit Manager;* GREGORY GIDDENS, ) <br> *Unit Manager of Pennsylvania Department* ) <br> *Of Corrections*; BRIAN H. THOMPSON, ) <br> *Suprintendent of Pennsylvania* ) <br> *Department of Corrections;* CHERYL ) <br> LABENNE, *Hearing Examiner and or* ) <br> *Board Member of the Pennsylvania Board* ) <br> *of Probation and Parole;* MATTHEW ) <br> MANGINO, *Member of the Pennsylvania* ) <br> *Board of Probation and Parole;* HOGUE, ) <br> *Hearing Examiner and or Board Member on* ) <br> *the Pennsylvania Board of Probation and* ) <br> *Parole;* MICHAEL C. POTTEIGER, ) <br> *Chairman of the Pennsylvania Board of* ) <br> *Probation and Parole;* RANDY P. ) <br> FEATHERS, *Member on the Pennsylvania* ) <br> *Board of Probation and Parole;* C. JAMES ) <br> FOX, *Board Member, Pennsylvania Board* ) <br> *of Probation and Parole;* MICHAEL L. ) <br> GREEN, *Member, Pennsylvania Board* ) <br> *of Probation and Parole;* JEFFREY ) <br> R. IMBODEN, *Board Member,* ) <br> *Pennsylvania Board of Probation and* ) <br> *Parole;* CRAIG R. McKAY, *Member,* ) <br> *Pennsylvania Board of Probation and* ) <br> *Parole;* JOHN TUTTLE, *Member,* ) | Civil Action No. 13-1154 <br> Judge Nora Barry Fischer/ <br> Chief Magistrate Judge Maureen P. Kelly <br><br><br><br><br><br><br><br> Re: ECF No. 52 |

| | |
|---|---|
| *Pennsylvania Board of Probation and* | ) |
| *Parole;* JUDITH E. VIGLIONE, | ) |
| *Member, Pennsylvania Board of Probation* | ) |
| *and Parole*; LLOYD A. WHITE, *Member,* | ) |
| *Pennsylvania Board of Probation and* | ) |
| *Parole;* ALAN M. ROBINSON, *Attorney* | ) |
| *employed to represent the Pennsylvania* | ) |
| *Board of Probation and Parole;* JOHN | ) |
| E. WETZEL, *Secretary of Pennsylvania* | ) |
| *Department of Corrections,* | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Plaintiff William B. Brothers, Jr., ("Plaintiff"), has filed this *pro se* civil rights action seeking injunctive relief and compensatory and punitive damages arising out of the denial of reparole from imprisonment at the State Correctional Institute at Albion ("SCI Albion").[1] Presently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint, in which the twenty-three state defendants, ("Defendants") assert that Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 52.

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 52, be granted.

**II.    REPORT**

   **A.    PROCEDURAL BACKGROUND**

Plaintiff filed two prior Complaints in which he combined civil rights claims and habeas corpus claims. ECF Nos. 3, 15. Following the filing of each of these Complaints, the

---

[1] It appears that Plaintiff was released from SCI Albion on November 28, 2014. ECF No. 41. Plaintiff's release has no effect on this civil rights case.

undersigned issued a Report and Recommendation recommending dismissal based on, *inter alia*, the impermissible combining of the two types of claims. ECF Nos. 6, 30. Following the issuance of the Report and Recommendation relative to the First Amended Complaint, Plaintiff filed both Objections and a Motion seeking leave to withdraw the habeas corpus claims in the First Amended Complaint. ECF Nos. 32, 33. District Judge Nora Barry Fischer subsequently entered an Order granting the Motion for Leave to Withdraw and directing Plaintiff to file a Second Amended Complaint containing no references to habeas relief.[2] ECF No. 34. On August 18, 2014, Plaintiff filed the instant Second Amended Complaint. ECF No. 35.

On April 10, 2015, Defendants filed the instant Motion to Dismiss and a Brief in support thereof. ECF Nos. 52, 53. On May 14, 2015, Plaintiff filed a Brief in Opposition to the Motion to Dismiss. ECF No. 80. The Motion to Dismiss is now ripe for review.

### B. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F. 3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the

---

[2] The Order also terminated the Report and Recommendation and the Objections thereto. ECF No. 34.

necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

Furthermore, because Plaintiff is *pro se*, his Second Amended Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance.").

## C. DISCUSSION

### 1. Section 1983 Claims

Plaintiff's Second Amended Complaint (hereinafter "the Complaint") is substantially copied from a complaint in an unrelated civil matter in which the plaintiffs filed a self-styled class action challenging the operations and management of the Pennsylvania state parole system. Curley v. McVey, 2009 WL 589809 (W.D. Pa. March 9, 2009) (dismissing the case). Although Plaintiff attempts to conform the legal claims of that unsuccessful lawsuit to the facts of this case, a close reading of Plaintiff's 79-page Complaint reveals that his claims are not truly directed to the general practices of the Pennsylvania parole system. Instead, the basis of Plaintiff's claims, indeed the sole subject of the "Facts" section of the Complaint, is the alleged miscalculation by Defendants of his sentence/sentences. ECF No. 35 ¶¶ 27-66.

While on state parole from a judgment of sentence imposed on an aggravated assault conviction, Plaintiff entered a guilty plea to simple assault in the Court of Common Pleas of Lawrence County. Commonwealth v. Brothers, CP-37-0000359-1989. On January 15, 2010, Plaintiff was sentenced to 11½ to 23½ months' imprisonment with 338 days' credit for time

served for the new conviction. Id. On March 29, 2010, his parole from the aggravated assault sentence was revoked and he was ordered to serve 12 months of backtime. ECF No. 1-8 at 2. In the instant action, although Plaintiff's claims are non-linear and difficult to discern, a fair reading of the Second Amended Complaint reveals that it is based on Plaintiff's belief that Defendants' post-recommitment miscalculation of Plaintiff's sentence/sentences resulted in him serving an illegally long sentence.

Although Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, ECF No. 35 ¶ 3, because his allegations necessarily call into question the duration of his incarceration, it is not cognizable under Section 1983. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original); see also Heck v. Humphrey, 512 U.S. 477 (1994). Therefore, it is recommended that Plaintiff's Section 1983 claims be dismissed.

When dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because Plaintiff's claims are barred, leave to amend would be futile. Accordingly, it is further recommended that Plaintiff's Section 1983 claims be dismissed with prejudice.

### 2. State Claims

Plaintiff sets forth multiple claims labeled "State Claims." ECF No. 35 ¶¶ 224-259. Where all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Although declining to exercise jurisdiction is within the discretion of the district court, the United States Court of Appeals for the Third Circuit has held that, absent extraordinary circumstances, "pendent jurisdiction should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dir. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (citations omitted).

In this case, it appearing that the federal claims are barred and it not appearing that any extraordinary circumstances in this case warrant the exercise of supplemental jurisdiction over Plaintiff's state law claims, it is recommended that the Court decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claims.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss, ECF No. 52, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

              Respectfully submitted,

              /s/ Maureen P. Kelly
              MAUREEN P. KELLY
              CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: September 9, 2015

cc:  The Honorable Nora Barry Fischer
   United States District Judge

   William B. Brothers, Jr.
   813 McCleary Avenue
   New Castle, PA 16101

   All counsel of record via CM-ECF